UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State Farm Fire and Casualty Company, | Case No. **0:16-cv-1415** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Philip Robert Nelson | |
| Defendant. | |

For its Complaint, Plaintiff State Farm Fire and Casualty Company hereby brings this Complaint for Declaratory Judgment against Philip Robert Nelson.

## INTRODUCTION

1. This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201 and seeks a declaration regarding whether insurance coverage is available to Defendant Phillip Robert Nelson for the damages alleged in a lawsuit entitled *Molly Kolstad et al. v. Phillip Robert Nelson et al.* pending in Blue Earth County District Court, State of Minnesota.

## THE PARTIES

2. Plaintiff State Farm Fire and Casualty Company ("State Farm") is a mutual insurance company organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

3. Defendant Philip Robert Nelson is neither a citizen nor a resident of the State of Illinois.

## JURISDICTION AND VENUE

4. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. This Court has personal jurisdiction over Philip Robert Nelson.

7. Venue is proper in this District under 28 U.S.C. § 1391(b).

## JURY TRIAL

8. Plaintiff State Farm demands a trial by jury.

## FACTUAL BACKGROUND

1. Defendant Philip Robert Nelson has been named as a Defendant in a civil lawsuit, *Molly Kolstad et al. v. Phillip Robert Nelson et al.*, pending in Blue Earth County District Court, State of Minnesota (the "Lawsuit"). A true and correct copy of the Lawsuit Complaint is attached as Exhibit A.

2. The Lawsuit arises out of injuries sustained by Isaac Kolstad as a result of an altercation outside of a bar in Mankato, Minnesota in the early morning hours of May 11, 2014.

3. Specifically, the Lawsuit alleges that Nelson kicked Isaac Kolstad in the head one or two times.

4. The Lawsuit further alleges that as a result of multiple defendants' actions, including Nelson's kick(s) to Kolstad's head, Kolstad suffered serious and permanent injuries to his head and brain.

5. The Lawsuit pleaded in the alternative that Nelson caused damages to Plaintiffs by Nelson's negligence or by Nelson's "assault and battery" of Kolstad.

6. State Farm has retained counsel to defend Nelson in relation to the Lawsuit while explicitly reserving its rights to deny defense and indemnification policy benefits to Nelson pursuant to the terms and conditions of the insurance policies referenced below.

7. As a result of the alleged altercation with Isaac Kolstad, Nelson was criminally charged in State of Minnesota v. Philip R. Nelson, Case Number 07-CR-14-1689, in Blue Earth County District Court, State of Minnesota.

8. In the criminal action, on January 21, 2015, Nelson pleaded guilty to Assault in the Fifth Degree under Minn. Stat. § 609.224, subd. 1(2).

9. Minn. Stat. § 609.224, subd. 1(2) reads: "Whoever does any of the following commits an assault and is guilty of a misdemeanor: . . . (2) intentionally inflicts or attempts to inflict bodily harm upon another."

10. In pleading guilty, Nelson admitted that he was not making the claim "that [he] was so drunk or so under the influence of drugs or medicine that [he] did not know what [he] was doing at the time of the crime."

11. In pleading guilty, Nelson admitted that he was not making the claim "that [he] was acting in self-defense or merely protecting [him]self or others at the time of the crime."

12. During the plea hearing, Nelson and his criminal defense attorney, James Fleming, had the following exchange:

> FLEMING: And you do understand – there's specifically a videotape that shows this incident. Correct?

NELSON: Yes.

\* \* \*

FLEMING: Now, in that video it also shows you – within two seconds or Mr. Kolstad falling to the ground, it shows you approaching Mr. Kolstad and making a motion of a kick at Mr. Kolstad?
NELSON: Yes.
FLEMING: Do you know that?
NELSON: Yes.
FLEMING: All right. Now my understanding is that you have seen this video and you do not – you understand that the video shows; you're not contesting what the video shows and that you understand that witness – there have been witnesses that have provided information. Correct?
NELSON: Correct.
FLEMING: And you are not contesting that those facts show you attempting to inflict bodily harm upon Mr. Kolstad.
NELSON: Correct.

## INSURANCE POLICIES

13. State Farm issued two relevant insurance policies to Norma Nelson, the mother of Phillip Robert Nelson.

14. State Farm issued a Homeowners policy, number 23-BM-Q113-7, to Norma Nelson. A true and correct copy of this policy is attached as Exhibit B.

15. This Homeowners policy has a policy period of July 18, 2013 to July 18, 2014.

16. The coverage applicable to the Lawsuit is found in Section II – Liability Coverages, Coverage L of the Homeowners policy.

17. In relevant part, the insuring agreement of Section II – Liability Coverages, Coverage L of the Homeowners policy reads:

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice.

\*\*\*

18. The Homeowners policy defines "**insured**" as "you and, if residents of your household, a. your relatives. . . ."

19. Upon information and belief, Nelson alleges that he is an insured under the Homeowners policy.

20. The policy also contains the following definition: "'**occurrence**,' when used in Section II of this policy, means an accident, including exposure to conditions, which first results in . . . **bodily injury** . . . during the policy period."

21. In relevant part, the Homeowners policy also contains the following language:

**SECTION II – EXCLUSIONS**

1. Coverage L and Coverage M do not apply to:

a. **bodily injury** or **property damage**:

(1) which is either expected or intended by the **insured**; or

(2) which is the result of willful and malicious acts of the **insured**;

22. State Farm also issued a Personal Liability Umbrella policy, number 23-BM-Q126, to Norma Nelson. A true and correct copy of this policy is attached as Exhibit C.

23. The Personal Liability Umbrella policy has a policy period of July 18, 2013 to July 18, 2014.

24. In relevant part, the insuring agreement of Coverage L of the Personal Liability Umbrella policy reads:

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, we will pay on behalf of the **insured**, the damages that exceed the **retained limit** . . .

*** 

### Defense

If a suit is brought against any **insured** for damages because of a **loss** to which this policy applies, **we** will provide a defense to the **insured** at **our** expense . . .

25. The Personal Liability Umbrella policy defines "insured" as "you and your relatives whose primary residence is your household."

26. The Personal Liability Umbrella policy defines "relative" as "any person related to you by blood, adoption, or marriage."

27. Upon information and belief, Nelson alleges that he is an insured under the Personal Liability Umbrella policy.

28. The Personal Liability Umbrella policy contains the following definition:

7. "**loss**" means:

a. an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure the same general conditions is considered to be one **loss**;

***

29. In relevant part, the Personal Liability Umbrella policy also contains the following language:

**EXCLUSIONS**

There is no coverage under this policy for any:

\*\*\*

14. **bodily injury** or **property damage** which is:

a. either expected or intended by the **insured**; or

b. the result of willful and malicious acts of the **insured**;

\*\*\*

## COUNT ONE – DECLARATORY JUDGMENT

30. Plaintiff incorporates paragraphs 1 through 29 of this Complaint by reference as if fully set forth at length herein.

31. Both the Homeowners policy and Personal Liability Umbrella policy contain valid exclusions for **bodily injury** or **property damage** which is (a) either expected or intended by the **insured**; or (b) the result of willful and malicious acts of the **insured**.

32. Defendant Nelson allegedly caused bodily injury to Isaac Kolstad after Nelson kicked Isaac Kolstad in the head once or twice.

33. Defendant Nelson's alleged act of kicking Isaac Kolstad was expected or intended to cause bodily injury.

34. Defendant Nelson's alleged act of kicking Isaac Kolstad was willful and malicious.

35. The Homeowners policy requires provides coverage only where the bodily injury or property damage is caused by an "occurrence".

36. Defendant Nelson's alleged act of kicking Isaac Kolstad was not an "occurrence" under the Homeowners policy.

37. The Personal Liability Umbrella policy provides coverage only for damages because of "loss".

38. Defendant Nelson's alleged act of kicking Isaac Kolstad was not a "loss" under the Personal Liability Umbrella policy.

39. Extending insurance coverage for Defendant Nelson's criminal acts would violate the public policy of the State of Minnesota.

40. There is no insurance coverage available under Norma Nelson's Homeowners policy for the acts of Defendant Nelson in relation to the Lawsuit.

41. There is no insurance coverage available under Norma Nelson's Personal Liability Umbrella policy for the acts of Defendant Nelson in relation to the Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, State Farm Fire and Casualty Company, respectfully requests that this Court enter judgment as follows:

A. Declaring that in relation to the underlying action of *Molly Kolstad et al. v. Phillip Robert Nelson et al.* in Blue Earth County District Court, State of Minnesota, State Farm Fire and Casualty Company has no duty to defend Philip Robert Nelson under Homeowners policy number 23-BM-Q113-7 or Personal Liability Umbrella policy number 23-BM-Q126B.

8

B.	Declaring that in relation to the underlying action of *Molly Kolstad et al. v. Phillip Robert Nelson et al.* in Blue Earth County District Court, State of Minnesota, State Farm Fire and Casualty Company has no duty to indemnify Philip Robert Nelson under Homeowners policy number 23-BM-Q113-7 or Personal Liability Umbrella policy number 23-BM-Q126B.

C.	Awarding State Farm Fire and Casualty Company its costs, expenses, and reasonable attorneys' fees.

D.	Awarding State Farm Fire and Casualty Company such other relief that the Court deems just and proper under the circumstances.

Dated:  May 20, 2016			MEAGHER & GEER, P.L.L.P.


					s/ Jeffrey E. Dilger
					Nicholas J. O'Connell (#340832)
					Jeffrey E. Dilger (#392153)
					33 South Sixth Street, Suite 4400
					Minneapolis, MN  55402
					Telephone:  (612) 338-0661
					Facsimile:  (612) 338-8384
					Email:  noconnell@meagher.com
					Email: jdilger@meagher.com