UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State Farm Fire & Casualty Company,   Case No. 16-cv-1415 (RHK/TNL)

          Plaintiff,

v.   **MEMORANDUM AND ORDER**

Philip Robert Nelson,

          Defendant,

and

Molly Kolstad, individually and
as guardian and conservator for
Isaac Dallas Kolstad and as parent
and natural guardian for Haidyn
Kolstad and Malia Kolstad; Blaine
Kolstad; Teresa Kolstad; Abraham
Kolstad; and Rebekah Kolstad,

          Intervenor Defendants,

_____

      This matter is before the Court on Plaintiff's Motion for Summary Judgment. For the following reasons, the Motion is denied without prejudice.

**BACKGROUND**

      This case arises out of a May 2014 altercation between former University of Minnesota quarterback Philip Nelson and Isaac Kolstad outside a bar in Mankato, Minnesota. Nelson allegedly kicked Kolstad in the head, and Kolstad suffered severe and permanent injuries. At the time of the fight, Nelson was insured under homeowner's and umbrella insurance policies issued to his mother by Plaintiff State Farm Fire and Casualty Company.

In September 2016, Isaac Kolstad's wife Molly, as his guardian and conservator and on behalf of their two minor children, brought a state-court action against Nelson, a friend of Nelson's who was involved in the fight, and two bars that served the then-underage Nelson alcohol the night of the fight. Kolstad v. Nelson, No. 07-CV-16-3768 (Blue Earth Cty., filed Sept. 21, 2016). The lawsuit asserts claims for assault and negligence against Nelson; at least one of the bars has cross-claimed against Nelson for contribution and indemnity. (Chronic Decl. (Docket No. 46) Ex. 5.)

Four months before Molly Kolstad filed the state-court action, State Farm brought this declaratory judgment action against Nelson. State Farm seeks to clarify its obligations to defend and indemnify Nelson in the state-court lawsuit. Molly Kolstad and the other plaintiffs in the state-court action, including Isaac Kolstad's parents, have intervened as Defendants here.

In June 2017, State Farm and the Kolstads agreed to settle the state-court matter. Nelson participated in the settlement discussions but ultimately did not resolve the Kolstads' claims against him. The settlement agreement requires the Kolstads to release Nelson and State Farm from any claim or potential claims arising out of the May 2014 fight "which are covered or potentially covered under" State Farm's policies. (Dilger Decl. (Docket No. 39) Ex. 7 at 2.) The settlement agreement specifically reserves from this release the assault and battery claim "only if such a battery is not covered under the Policies." (Id. at 3.) This type of settlement is known as a Meadowbrook settlement, after the Minnesota Supreme Court's decision in Meadowbrook, Inc. v. Tower Insurance Co., 559 N.W.2d 411 (Minn. 1997).

In the typical insurance-coverage dispute, an insurer asks a court to determine whether any of the claims in an underlying lawsuit are covered under the relevant insurance policies, and therefore whether the insurer has the duty to defend or indemnify its insured in that underlying lawsuit. Here, however, State Farm's Motion asks the Court to determine that its settlement with the Kolstads completely discharges State Farm's obligations to Nelson in the state-court lawsuit, without reference to the terms of the insurance policy or the state-court complaint.

In response, Nelson argues that State Farm at least has the duty to continue to defend him in the underlying suit, as some of the claims in that suit still arguably fall within the policy's coverage. Nelson also contends that State Farm has the duty to defend, and the potential duty to indemnify, him against the cross-claims for contribution. And he asks that, if the Court is inclined to grant State Farm's Motion, the Court require State Farm to continue to defend Nelson through the appeals process for this case. Finally, he contends that a certified question to the Minnesota Supreme Court may be appropriate, seeking that court's guidance on the applicability of the Meadowbrook decision to an insurance policy's intentional-acts exclusion.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing

that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

As noted, State Farm seeks a declaration that the settlement discharges its duty to defend Nelson in the state-court action. An insurer's duty to defend is determined by comparing "the allegations in the complaint in the underlying action with the relevant language in the insurance policy." Meadowbrook, 559 N.W.2d at 415 (emphasis omitted). "It is an insurance-law axiom that the duty to defend is broader than the duty to indemnify." Sachs v. Ill. Farmers Ins. Co., No. A06-1755, 2007 WL 2177954, at *3 (Minn. Ct. App. July 31, 2007). Usually, the duty to defend is determined "as of the time the insured tendered the defense to the insurer." Festivals & Concert Events, Inc. v. Scottsdale Ins. Co., 632 F.3d 417, 420 (8th Cir. 2011). However, the decision in Meadowbrook found that "[a]n insurer's duty to defend claims arguably within the policy's coverage extends until it can be concluded as a matter of law that there is no basis on which the insurer may be obligated to indemnify the insured." 559 N.W.2d at 416 (emphasis omitted). The Meadowbrook decision means that, "if in the course of litigation the covered claims fall out of the case through settlement or otherwise, the insurer's duty to defend [its] insured ceases." Lockwood Int'l, B.V. v. Volm Bag Co., 273 F.3d 741, 744 (7th Cir. 2001).

4

There is no dispute that the policies at issue contain standard "intentional acts" exclusions. (Compl. (Docket No. 1) ¶¶ 21, 28.) In other words, State Farm's policies exclude from coverage any injury sustained as a result of its insured's intentional acts, such as an assault and battery. Injuries sustained as a result of negligence, however, are potentially covered. The Kolstads' original complaint raised both a negligence claim and an assault claim against Nelson, and thus State Farm tendered a defense to Nelson for that lawsuit. The settlement requires the Kolstads to amend their state-court complaint to remove the negligence claim against Nelson, leaving the only claim against Nelson one for which his insurance policy does not provide coverage. In other words, if a state-court jury ultimately finds Nelson liable to the Kolstads, his liability will necessarily arise out of the intentional tort, for which there is no duty to defend or indemnify. Thus, State Farm argues, once the Kolstads amend their court complaint, there will be no basis for State Farm to be obligated to insure Nelson in the state-court action.

There is no indication in the record that the Kolstads have in fact amended their complaint; the parties are likely awaiting a decision on this Motion before taking any concrete action in the underlying lawsuit. But this presents a quandary for the Court: as it stands in the current record, the complaint in the state-court action raises claims that are arguably covered under State Farm's policies. See St. Paul Fire & Marine Ins. Co. v. Nat'l Chiropractic Mut. Ins. Co., 496 N.W.2d 411, 415 (Minn. Ct. App. 1993) (stating that an insurer has a duty to defend claims that are arguably within the scope of the policy). State Farm has the duty defend Nelson until the Kolstads amend the state-court complaint. But the Kolstads will not amend the state-court complaint until this Court

5

determines whether the amendment relieves State Farm of its coverage obligations. The Meadowbrook decision made clear that the insurer may withdraw from its insured's defense only "once all arguably covered claims have been dismissed with finality." 559 N.W.2d at 416. Thus, an insurer "cannot withdraw from a defense until its duty to defend all arguably covered claims has been completely extinguished—in other words, when no further rights to appeal those arguably covered claims exists." Id. at 417. But any decision that a future amendment might extinguish State Farm's obligations is necessarily advisory, and as such is beyond this Court's jurisdiction. Flast v. Cohen, 392 U.S. 83, 96-97 (1968) (noting that Constitution's case-or-controversy requirement prohibits federal courts from issuing advisory opinions).

This case is thus unlike Meadowbrook, in which a court had issued a final decision dismissing covered claims, or Nelson v. American Home Assurance Co., in which a court had dismissed the covered party in the underlying action. No. 11cv1161, 2011 WL 6151519 (D. Minn. Dec. 12, 2011) (Kyle, J.). The parties here ask the Court to issue an advisory opinion that once the parties comply with the terms of the settlement, State Farm's obligations to Nelson cease. But that is precisely the type of advisory opinion the Constitution prohibits. Moreover, any determination regarding a duty to defend here would be subject to appeal, leaving State Farm with a continuing duty to defend until the appeal runs its course. Meadowbrook, 559 N.W.2d at 416.

This Court is constrained by Article III's requirement to adjudicate only ripe cases and controversies. The dispute presented here is not ripe. The Court understands the difficulty this presents for the parties in resolving the dispute and believes that such

6

difficulties could likely be avoided with Nelson's good-faith participation in the settlement process. Given the clear language in <u>Meadowbrook</u> regarding the temporal scope of an insurer's duty to defend, it is in Nelson's interest to evaluate his position in the state-court litigation and consider again whether the resolution the mediator proposed is the best possible outcome for him in this matter. Should any future settlement discussions fail, and should the Kolstads amend their state-court complaint as the current settlement agreement requires, this Court will again entertain State Farm's arguments regarding its duty to defend Nelson in the state-court action.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Summary Judgment (Docket No. 41) is **DENIED without prejudice**.

Dated: <u>October 10, 2017</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge